## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CURTIS L. NICHOLSON SR.**                                    **CIVIL ACTION**

**VERSUS**                                                             **NO.  05-6490**

**WARDEN VENETIA MICHAEL**                            **SECTION "D"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE**.

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Curtis L. Nicholson Sr., is incarcerated in the David Wade Correctional Center in Homer, Louisiana.[2]  On July 31, 1998, Nicholson was indicted in St. John the Baptist Parish for the distribution of cocaine to an undercover police officer.[3]

He entered a guilty plea to the charge on September 25, 2000.[4]  After waiver of legal delays, he was sentenced that same day to 20 years at hard labor pursuant to a plea agreement.[5]

The conviction became final five days later, on Saturday, September 30, 2000, or the next business day, Monday, October 2, 2000, when Nicholson did not timely file a notice of appeal or file for reconsideration of his sentence.  See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[6]).

---

[2]Rec. Doc. No. 1, Petition.

[3]St. Rec. Vol. 1 of 1, Indictment, 7/31/98.

[4]St. Rec. Vol. 1 of 1, Waiver of Constitutional Rights and Plea of Guilty, 9/25/00; Transcript of the Boykin and Sentence Hearing, 9/25/00.

[5]St. Rec. Vol. 1 of 1, Transcript of the Boykin and Sentence Hearing, p. 12, 15, 9/25/00.

[6]At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v.

Five months later, on April 9, 2001, Nicholson filed an application for post-conviction relief in which he alleged the following grounds for relief:[7]  (1) He never appeared in court for motions and only entered into the plea agreement because of his attorney. (2) His attorney had no concern for his defense and refused to call witnesses.

In the meantime, on April 11, 2001, Nicholson also filed a writ application with the Louisiana Fifth Circuit Court of Appeal asserting the same claims.[8]  The Louisiana Fifth Circuit denied the application on April 17, 2001, because Nicholson had not first sought relief in the trial court.[9]

Several days later, on April 26, 2001, the state trial court denied Nicholson's application for post-conviction relief.[10]  The court held that the claims were without merit because Nicholson's plea was knowingly and voluntarily entered.

Almost three months later, on July 20, 2001, Nicholson filed a motion with the state trial court seeking to amend his sentence.  In the motion, he alleged that the trial court failed to consider mitigating factors and failed to determine whether the plea was

---

Counterman, 475 So.2d 336, 338 (La. 1985). Article 914 was amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. Because this statutory amendment occurred well after petitioner's sentencing, it is inapplicable to this case.

[7]St. Rec. Vol. 1 of 1, Uniform Application for Post Conviction Relief, 4/9/01.

[8]The record provided by the State does not contain a copy of this writ application.  The filing date appears, however, on the face of the Louisiana Fifth Circuit's order and has been confirmed by my staff with the office of the clerk of that court.  St. Rec. Vol. 1 of 1, 5th Cir. Order, 01-KH-402, 4/17/01.

[9]St. Rec. Vol. 1 of 1, 5th Cir. Order, 01-KH-402, 4/17/01.

[10]St. Rec. Vol. 1 of 1, Judgment, 4/26/01.

voluntary before imposing the sentence.[11]  The court denied the motion on August 7, 2001, finding the request procedurally improper and untimely under La. Code Crim. P. art. 881(A).[12]

Eight months later, on April 26, 2002, Nicholson filed a second application for post-conviction relief in the state trial court seeking relief on the following grounds:[13] (1) He never appeared in court for motions and was forced to enter a guilty plea by counsel. (2) Counsel was ineffective because she had no concern for his defense and refused to call witnesses.  The state trial court denied this application on May 23, 2002, because the application was repetitive of the one filed on April 9, 2001.[14]

Shortly thereafter, on July 9, 2002, Nicholson submitted a third application for post-conviction relief to the state trial court in which he alleged the following:[15] (1) The trial court erred in accepting the plea agreement because it was not the deal originally negotiated by his prior counsel. (2) The sentence was excessive. (3) Counsel was

---

[11]St. Rec. Vol. 1 of 1, Motion to Amend Sentence, 7/20/01.

[12]St. Rec. Vol. 1 of 1, Judgment, 8/7/01.

[13]St. Rec. Vol. 1 of 1, Uniform Application for Post Conviction Relief, 4/26/02.

[14]St. Rec. Vol. 1 of 1, Judgment, 5/23/02.

[15]St. Rec. Vol. 1 of 1, Petition for Habeas Corpus Ad Prosequendum and Post Conviction Relief, 7/9/02. Nicholson submitted another copy of this pleading which was filed on 9/16/02. St. Rec. Vol. 1 of 1, Petition for Habeas Corpus Ad Prosequendum and Post Conviction Relief, 9/16/02; see also, St. Rec. Vol. 1 of 1, Letter from Clerk, 9/30/02; Letter to Clerk, 11/5/02; Letter to Clerk, 11/18/02. He also sent another copy to the Louisiana Fifth Circuit, which was filed as Writ No. 02-KH-1225 on December 11, 2002. The Louisiana Fifth Circuit transferred that application to the trial court for ruling if ruling had not already been made.  St. Rec. Vol. 1 of 1, 5th Cir. Order, 02-KH-1225, 12/13/02.

ineffective for failure to enforce the plea agreement for a 12-year sentence negotiated by his prior counsel.

The state trial court denied the application on January 17, 2003, finding no merit to Nicholson's claims of ineffective assistance of counsel.[16]  The court also dismissed the claim challenging the guilty plea and the excessive sentence claim as repetitive and procedurally improper pursuant to La. Code Crim. P. art. 930.4(e).

Nicholson sought review in the Louisiana Fifth Circuit.[17]  The court denied his writ application on February 4, 2003, finding no error in the trial court's ruling.[18]

Six months later, on August 14, 2003, Nicholson filed a writ application with the Louisiana Supreme Court seeking review of the lower courts' orders.[19]  The court denied the application without reasons on August 20, 2004.[20]

---

[16]St. Rec. Vol. 1 of 1, Judgment, 1/21/03 (signed 1/17/03).

[17]The record provided by the State does not contain a copy of this writ application. The filing date appears, however, on the face of the Louisiana Fifth Circuit's order and has been confirmed by my staff with the office of the clerk of that court. St. Rec. Vol. 1 of 1, 5th Cir. Order, 03-KH-134, 2/4/03.

[18]St. Rec. Vol. 1 of 1, 5th Cir. Order, 03-KH-134, 2/4/03.

[19]St. Rec. Vol. 1 of 1, La. S. Ct. Letter, 2003-KH-2328, 8/14/03.  Nicholson attached a copy of this one-page writ application to his federal petition when it was filed in the United States District Court for the Western District of Louisiana.  Case No. 05-1159 (W.D. of La.), Rec. Doc. No. 1, Exh. 10.

[20]State ex rel. Nicholson v. State, 882 So.2d 579 (La. 2004); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2003-KH-2328, 8/20/04.

II.   FEDERAL HABEAS PETITION

On June 25, 2005, Nicholson filed a petition for federal habeas corpus relief in the United States District Court for the Western District of Louisiana seeking relief on the following grounds:[21] (1) His guilty plea and sentence were unconstitutional because the trial court did not receive the withdrawal of the not guilty plea directly from Nicholson and failed to accept the plea of guilty. (2) Counsel was ineffective for accepting a plea bargain for a 20-year sentence when prior counsel had negotiated a 12-year sentence. (3) Counsel was no more than a stand-in for his prior appointed attorney, knew nothing about the case, and allowed the State to breach the plea agreement for a 12-year sentence. (4) The sentence was unconstitutional because it was based on an illegal conviction. This habeas petition was transferred to this court on December 8, 2005.

The State responded to Nicholson's federal petition, arguing that his ineffective assistance of counsel claims are without merit and that his plea was knowing and voluntary.[22]  The State did not address the sentencing issues.

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[21]Rec. Doc. No. 1.

[22]Rec. Doc. No. 7.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[23] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Nicholson's petition, which, for reasons discussed below, is deemed filed in a federal court on June 16, 2005.[24]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In the instant case, the record indicates that Nicholson has exhausted state court remedies.  The record also reflects that Nicholson's claims regarding the validity of his

---

[23]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Nicholson's petition was filed by the clerk of court in the Western District of Louisiana on June 29, 2005. Nicholson did not date his signature on the petition. He did, however, date his signature on the memorandum attached thereto on June 16, 2005. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

sentence are procedurally barred from federal review.  Neither the sentencing issues nor the procedural bar were addressed by the State in its response.

IV.     PROCEDURAL DEFAULT OF CLAIM NOS. 1 AND 4

Although the State fails to raise procedural default in its response, the United States Fifth Circuit Court of Appeals has stressed that a federal habeas court must determine as a threshold matter whether procedural default has occurred on any asserted claim.  Nobles, 127 F.3d at 420.  The court has discretion to raise procedural default sua sponte, provided that the petitioner has notice that the issue is being considered.  Fisher v. State, 169 F.3d 295, 301 (5th Cir. 1999); Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998).

Accordingly, **petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this court is sua sponte raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report**.  Magouirk, 144 F.3d at 348.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment.  Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S.

8

255, 260, 262 (1989)).  This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.  <u>Amos</u>, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  <u>Harris</u>, 489 U.S. at 263; <u>Glover</u>, 128 F.3d at 902.  When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802 (1991).

In his first and fourth claims before this court, Nicholson alleges that the trial court erred in accepting his guilty plea and that his sentence is excessive and unconstitutional.  Nicholson first alleged that his sentence was illegal in the motion to amend sentence filed July 20, 2001.  In that motion, he alleged that the trial court failed to inform him of the sentencing range and the nature of the charges and imposed the sentence without considering mitigating circumstances.[25]

The state trial court denied the motion to amend as procedurally improper and untimely under La. Code Crim. P. art. 881(A), which provides that Louisiana courts may

---

[25]St. Rec. Vol. 1 of 1, Motion to Amend, 7/20/01.

amend a sentence, but only prior to the beginning of execution of the sentence.[26]  The

court held that because Nicholson had already begun serving his sentence, his motion to

amend was untimely.  Nicholson did not seek further review of this ruling.

In his third application for post-conviction relief filed on July 9, 2002, with a

duplicate filed on September 16, 2002, Nicholson alleged that his sentence was excessive

and contrary to his original plea agreement.[27]  He also alleged that the trial court erred

in accepting the guilty plea, which involved terms contrary to his prior plea agreement.

The state trial court refused to consider these claims pursuant to La. Code Crim. P. art.

930.4(e) and as otherwise repetitive of sentencing issues already raised.[28]  The Louisiana

Fifth Circuit and the Louisiana Supreme Court denied Nicholson's subsequent writ

applications without additional reasons.[29]

Thus, in light of the last reasoned decision on these issues, the state trial court

denied the challenge to the trial court's acceptance of the guilty plea and to the sentence

on procedural grounds as untimely under La. Code Crim. P. art. 881(A), as repetitive, and

as successive pursuant to La. Code Crim. P. art. 930.4(e).

---

[26]St. Rec. Vol. 1 of 1, Judgment, 8/7/01.

[27]St. Rec. Vol. 1 of 1, Petition for Habeas Corpus and Prosequendum and Post Conviction Relief, 7/9/02; St. Rec. Vol. 1 of 1, Petition for Habeas Corpus and Prosequendum and Post Conviction Relief, 9/16/02.

[28]St. Rec. Vol. 1 of 1, Judgment, 1/21/03 (signed 1/17/03).

[29]St. Rec. Vol. 1 of 1, 5th Cir. Order, 03-KH-134, 2/4/03; La. S. Ct. Order, 2003-KH-2328, 8/20/04; State ex rel. Nicholson v. State, 882 So.2d at 579.

A.    <u>INDEPENDENT AND ADEQUATE</u>

For the state-imposed procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.   A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  <u>Amos</u>, 61 F.3d at 338.  To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  <u>Glover</u>, 128 F.3d at 902.  A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief.  <u>Id</u>.

In this case, the state trial court refused to consider guilty plea challenges and the new sentencing issues because the application was successive and repetitive.  La. Code Crim. P. art. 930.4(E) provides for dismissal of a successive post-conviction application that raises a new or different claim which should have been raised in a previous application.  Similarly, La. Code Crim. P. art. 930.4(D) allows dismissal of a successive application that raises repetitive claims which are not new or different, like the sentencing issues raised by Nicholson.

Thus, the last reasoned decision of the state courts barred review of these claims pursuant to state procedural rules.  The bars to repetitive claims and successive petitions found in La. Code Crim. P. art 930.4 are clearly independent state law procedural bases for denying review of an inappropriately raised post-conviction claim.  <u>Bennett v.</u>

11

Whitley, 41 F.3d 1581 (5th Cir. 1994) (Article 930.4 is independent and adequate basis to federal review); Washington v. Cain, 2000 WL 863980 (E.D. La. June 27, 2000) (Duplantier, J.) (same).

I note, however, that the bar in Article 930.4(D) prevents further review based on the assumption that an issue was addressed in a prior proceeding and is now repetitive, like the sentencing issues raised by Nicholson.  The presumption in the rule is that the claims were not new or different from something previously addressed.  Accord Bennett v. Whitley, 41 F.3d 1581, 1583 (5th Cir. 1994) (discussing a similar provision in La. Code Crim. P. art. 930.4(A), which prevents repetitive review of a claim raised on appeal).  This court must therefore look back to the underlying basis for the original denial of relief to determine whether the claim is appropriate for federal habeas review or if it is procedurally barred from review.

In this case, Nicholson's challenges to his sentence were previously raised in his motion to amend sentence.  The state trial court did not consider the merits of the motion to amend.  Instead, the state trial court refused to consider Nicholson's initial sentencing claims pursuant to another procedural error based on La. Code Crim. P. art. 881(A), which authorizes amendment of a sentence prior to the beginning of the execution of the sentence.  The state trial court refused to consider the merits of the motion because Nicholson's request was not timely.

The record shows that Nicholson was sentenced to serve his 20-year sentence on September 25, 2000.  He did not file his motion to amend the sentence until 10 months later, on July 20, 2001, well after he began serving that sentence.[30]  The state trial court relied upon La. Code Crim. P. art. 881(A) to find that the motion to amend was not timely made and could not be considered.  Nicholson did not seek review of the denial of his motion to amend in the higher state courts.

My research reflects that Louisiana courts regularly and evenhandedly refuse to consider motions to amend filed after the beginning of the execution of a sentence as required by La. Code Crim. P. art. 881(A).  See, e.g., State v. Riviere, 759 So.2d 79 (La. 2000) (under La. Code Crim. P. art. 881(A), the district court lacked the authority to amend a hard labor sentence after the defendant began serving it);  State v. Adams, 907 So.2d 844 (La. App. 2d Cir. 2005) (same); State v. Martin, 898 So.2d 624 (La. App. 3d Cir. 2005) (same); State v. Bush, 875 So.2d 134 (La. App. 2d Cir. 2004) (same); State v. McCoy, 869 So.2d 918 (La. App. 4th Cir. 2004) (same; under La. Code Crim. P. art. 881(A), defendants must file the motion to amend prior to the commencement of the

---

[30]La. Rev. Stat. Ann. § 15:566.2 provides that a hard labor sentence commences the day after sentencing: "Whenever a prisoner is sentenced to imprisonment in the state penitentiary, and has not been released on bail or perfected a suspensive appeal, such sentence shall be considered as commencing on the day following the day on which such prisoner is sentenced without regard to the actual date of incarceration in the state penitentiary."  La. Rev. Stat. Ann. § 15:566.2 applies to the period for filing a motion to amend under  La. Code Crim. P. art. 881.  State v. Guajardo, 428 So.2d 468, 470 (La. 1983); State v. Sholar, 801 So.2d 534, 537-38 (La. App. 2d Cir. 2001).  Under this rule of law, Nicholson's sentence commenced on September 26, 2000, the day after he was sentenced.  St. Rec. Vol. 1 of 1, Transcript of the Boykin and Sentence Hearing, p. 12, 15, 9/25/00.

sentence); <u>State v. Wimberly</u>, 760 So.2d 355 (La. App. 2d Cir. 1999) (same); <u>State v. Neville</u>, 655 So.2d 785 (La. App. 4th Cir. 1995) (same).

For the foregoing reasons, the procedural bars imposed under La. Code Crim. P. art. 881(A) and La. Code Crim. P. art. 930.4 are both independent and adequate to bar review of Nicholson's challenges to his guilty plea and to his sentence by this court on federal habeas corpus review.

B.    <u>CAUSE AND PREJUDICE</u>

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice."  <u>Glover</u>, 128 F.3d at 902 (citing <u>Coleman</u>, 501 U.S. at 731-32); <u>Amos</u>, 61 F.3d at 338-39 (citing <u>Harris</u>, 489 U.S. at 262; <u>Engle v. Isaac</u>, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  The mere fact that petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  <u>Id</u>. at 486.

In this case, Nicholson has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. My review of the record does not support a finding that any factor external to the defense prevented Nicholson from raising the claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

Construed broadly, Nicholson's petition may urge that his trial counsel was ineffective in the failure to urge some of his challenges. The law is settled that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." Murray, 477 U.S. at 486. Supreme Court doctrine will allow a petitioner to establish cause through the alleged ineffective assistance of his counsel if he can establish that counsel's failure to raise the issue was itself constitutionally deficient performance. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

I have reviewed Nicholson's allegation that his counsel was ineffective later in this report. Having determined that counsel was not ineffective in that regard, I find that Nicholson has failed to show cause sufficient to excuse the procedural bar imposed upon his sentencing challenges.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hogue, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43). Having failed to show an objective

cause for his default, the court need not determine whether prejudice existed, and Nicholson has not alleged any actual prejudice.  Ratcliff v. Estelle, 597 F.2d 474 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Nicholson's challenges to his guilty plea and sentence are therefore procedurally barred from review by this federal habeas corpus court.  See Trest v. Whitley, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), vacated on other grounds, 522 U.S. 87 (1998).[31]

C.    FUNDAMENTAL MISCARRIAGE OF JUSTICE

Nicholson may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902.  To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D.

---

[31]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not required to raise the procedural default argument sua sponte. Id.

16

Tx. 1997) (footnote omitted); <u>Nobles</u>, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.")  When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception.  <u>Glover</u>, 128 F.3d at 903.

Nicholson does not present and the record contains nothing that suggests his actual innocence.   His claims address procedural failings in the underlying criminal proceedings, not his actual innocence.   For these reasons, Nicholson has failed to overcome the procedural bar to his challenges to his guilty plea and sentence, Claim Nos. 1 and 4 herein.  The claims are procedurally barred and must be dismissed with prejudice for that reason.

V.     <u>STANDARDS OF A MERITS REVIEW OF THE REMAINING CLAIMS</u>

Nicholson has also asserted claims of ineffective assistance of counsel, which are not procedurally barred.  As to the non-barred claims, 28 U.S.C. §§ 2254(d)(1) and (2), as amended by the AEDPA, contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  <u>Nobles</u>, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'"  Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000);  Penry, 532 U.S. at 792-93; Hill, 210 F.3d at 485.  "'A federal habeas court may not issue the writ simply because

that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002).  Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert. denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.  Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25).

VI.   INEFFECTIVE ASSISTANCE OF COUNSEL (CLAIM NOS. 2 AND 3)

Nicholson bases his claim of ineffective assistance of counsel on several grounds. He alleges that his counsel at the plea proceeding was a stand-in for his regular lawyer and failed to enforce the plea agreement for a 12-year sentence previously negotiated by his appointed trial counsel.  He also alleges that his counsel was ineffective because she knew nothing about his case, she allowed the trial court to sentence him to 20 years in spite of the prior plea agreement and she allowed the State to breach its prior plea agreement.

Nicholson raised ineffective assistance of counsel in all three of his state court applications for post-conviction relief.  In the first application, Nicholson alleged that his counsel forced him to accept the plea agreement, had no concern for his defense and

refused to call witnesses.[32]  The state trial court denied the application finding that Nicholson was not forced by counsel to accept the plea agreement.[33]  The court relied on the fact that Nicholson testified at the plea hearing that he was satisfied with his counsel's handling of the case and that he was satisfied with the plea agreement. Nicholson did not seek further review of this order.

In his second application, Nicholson again alleged that his counsel forced him to accept the plea agreement, had no concern for his defense and refused to call witnesses.[34] The state trial court restated its reasons for denying the first application and denied this second application as repetitive.[35]  Nicholson did not seek further review of this order.

In his third application, Nicholson alleged that his counsel did not research the law and facts before advising him to accept a plea agreement, pursuant to which he received a sentence higher than the 12-year sentence previously negotiated by his appointed counsel.[36]  The state trial court held that, in light of the broad deference given to counsel's judgment, strategy and tactical decisions in connection with the plea, her

---

[32]St. Rec. Vol. 1 of 1, Uniform Application for Post Conviction Relief, 4/9/01.

[33]St. Rec. Vol. 1 of 1, Judgment, 4/26/01.

[34]St. Rec. Vol. 1 of 1, Uniform Application for Post Conviction Relief, 4/26/02.

[35]St. Rec. Vol. 1 of 1, Judgment, 5/23/02.

[36]St. Rec. Vol. 1 of 1, Petition for Habeas Corpus and Prosequendum and Post Conviction Relief, 7/9/02; St. Rec. Vol. 1 of 1, Petition for Habeas Corpus and Prosequendum and Post Conviction Relief, 9/16/02.

actions were not deficient under the guidelines of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).[37]

The Louisiana Fifth Circuit denied Nicholson's subsequent writ application finding no error in the trial's court ruling.[38]  The Louisiana Supreme Court offered no reasons for its denial of Nicholson's subsequent writ application to that court.[39]

The issue of effective assistance of counsel is a mixed question of law and fact. <u>Motley v. Collins</u>, 18 F.3d 1223, 1226 (5th Cir. 1994).  When a defendant pleads guilty and then seeks habeas review based upon allegations of ineffective assistance of counsel the proper standard to be applied is the standard established by the United States Supreme Court in <u>Strickland</u>.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).  Thus, the question before this court is whether the state courts' denial of relief was contrary to or an unreasonable application of the United States Supreme Court decision in <u>Strickland</u> to the facts of Nicholson's case.

In <u>Strickland</u>, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel.  First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  <u>Id</u>. at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for

---

[37]St. Rec. Vol. 1 of 1, Judgment, 1/21/03 (signed 1/17/03).

[38]St. Rec. Vol. 1 of 1, 5th Cir. Order, 03-KH-134, 2/4/03.

[39]<u>State ex rel. Nicholson v. State</u>, 882 So.2d at 579; St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2003-KH-2328, 8/20/04.

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Under Hill, which applies Strickland in the guilty plea context, the first prong is satisfied by a showing that "counsel's representation fell below an objective standard of reasonableness." Hill, 474 U.S. at 57 (citing Strickland, 466 U.S. at 687-88). "In order to satisfy . . . [Strickland's] 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Kimler, 167 F.3d at 893. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under Strickland, 'that the errors had some conceivable effect on the outcome of the proceeding.'" Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting Strickland, 466 U.S. at 693).

In the instant case, Nicholson has not alleged that counsel's errors were the cause of, or the impetus behind, his guilty plea. Instead, he has set forth arguments relating to the adequacy of his counsel's performance in failing to obtain a lesser sentence and ambiguously asserts that, but for counsel's allegedly unprofessional errors, the sentence could have been different. In other words, even construed broadly, Nicholson's petition

does not contend that there is a reasonable probability that he would not have entered a guilty plea if his attorney had not committed the alleged errors.  Without this, this court cannot find that he was prejudiced by his counsel.

Instead, Nicholson alleges only that his counsel failed to pursue or enforce the lesser sentence offered to his prior counsel by the prosecutor.  The public defender's case sheet attached to his third application for post-conviction relief bears a blank entitled "Plea Bargain Offered by DA."  In the blank is a handwritten notation "12 yrs. DOC (all cases)."

Nicholson presumes that his counsel was unaware of the prior offer or unfamiliar with his case.  He suggests that she was not his original appointed counsel and only came into the case as stand-in for purposes of obtaining the plea, while making no effort to enforce the original plea agreement.  His suggestion, however, is not supported by the record.

First, the record does not indicate, and Nicholson has not established, which of his appointed attorneys negotiated or received the offer of 12 years or when that offer was conveyed.  The record does not reflect that Nicholson ever accepted that offer or that he then thought he was receiving a 12-year sentence.

At the plea hearing, Nicholson was given plenty of opportunity to speak, commented to the state trial court that he thought his sentence was "a lot" of time, but

he had no questions about the plea agreement.[40]   Nicholson said nothing during the hearing about a prior plea or any expectation of less time.

The record shows further that Nicholson was represented by several indigent defenders during his proceedings and that his plea counsel was appointed more than two months before he entered his plea.  For example, Richard B. Stricks of the office of the indigent defender, was originally appointed to the case on August 20, 1998.  Stricks also filed several pretrial motions on August 28, 1998.[41]   However, Nicholson was represented by another indigent defender, Tera Sims Hotard, at his sanity hearing on March 15, 2000.[42]  On July 12, 2000, more than two months before his plea, the state trial court signed an order substituting Anne T. Turissini, Nicholson's counsel at the plea, in place of Stricks, his prior appointed counsel.[43]

Thus, on the face of the record, this is not a situation in which the particular lawyer attending him at the plea was a mere stand-in as he suggests or that he was effectively denied counsel during the plea.  United States v. Cronic, 466 U.S. 648 (1984) (under circumstances of magnitude, where counsel wholly fails to challenge the prosecution, a defendant may be constructively denied counsel although an attorney had been appointed); Childress v. Johnson, 103 F.3d 1221, 1231-32 (5th Cir. 1997) ("when

---

[40]St. Rec. Vol. 1 of 1, Transcript of Boykin and Sentence Hearing, p. 14, 9/25/00.

[41]E.g., St. Rec. Vol. 1 of 1, Certificate of Service and Request for Notice, 8/28/98.

[42]St. Rec. Vol. 1 of 1, Transcript of Sanity Hearing, 3/15/00.

[43]St. Rec. Vol. 1 of 1, Order Substituting Counsel, 7/12/00.

defense counsel is appointed solely to execute the defendant's waiver of jury trial, and when the evidence establishes that counsel performed no other service for the defendant, it cannot be said that the defendant received the assistance of counsel for his defense.") A conclusory allegation of the constructive denial of counsel does not entitle a petitioner to habeas relief.  See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir.1990) (conclusory allegations are insufficient to obtain habeas relief).

In this case, the transcript of the plea hearing demonstrates that the plea was negotiated among the district attorney, Nicholson himself, and Nicholson's counsel.[44] Nicholson acknowledged that he read the agreement and that his counsel explained it to him.[45]  She undoubtedly played a role in the plea beyond that of mere stand-in counsel.

As noted above, Nicholson has not demonstrated that counsel's performance played a role in his decision to enter the plea of guilty.  Instead, he suggests only that counsel should have worked for a lesser sentence.  However, having specifically acknowledged at the plea hearing that he was getting "a lot" of time, Nicholson did not falter or question his decision to accept the agreement as offered and as read by the state trial court.

---

[44]St. Rec. Vol. 1 of 1, Transcript of Boykin and Sentence Hearing, p. 3, 9/25/00.

[45]Id. at p. 14.

For these reasons, Nicholson has failed to establish that his counsel was deficient or that, but for her performance, he would not have entered the plea of guilty. His claims are therefore without merit.

Furthermore, to the extent Nicholson complains that his counsel was not concerned about his defense and refused to call witnesses, his claim is also without merit. First, this is not a situation in which Nicholson was convicted after trial on the merits. As part of his guilty plea, he acknowledged that he was giving up that right, including the right to present witnesses and evidence.[46]

Furthermore, even if Nicholson had gone to trial, counsel would not necessarily be required to pursue every possible witness to defend his case. "Defense counsel is not required . . . 'to investigate everyone whose name happens to be mentioned by the defendant.'" Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir.1985) (quoting United States v. Cockrell, 720 F.2d 1423, 1428 (5th Cir.1983)). "'Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" Graves v. Cockrell, 351 F.3d 143, 156 (5th Cir. 2003) (quoting Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978)).

Nicholson has not indicated how counsel could have shown more concern for his defense. Even where a defendant goes to trial, a federal habeas court will not find

---

[46]Id. at p. 8-9.

deficient performance where counsel's decision not to investigate was part of a clearly developed defensive strategy or where the defendant can point to no specific evidence that would have been uncovered by a more thorough investigation. Nealy, 764 F.2d at 1178 (citing Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984), Larsen v. Maggio, 736 F.2d 215, 218 (5th Cir. 1984) and United States v. Cockrell, 720 F.2d at 1428-29). Nicholson has made no showing of a particular failing by counsel that would have altered his decision to enter the plea.

For the foregoing reasons, Nicholson has failed to establish that he was denied effective assistance of counsel in connection with his plea of guilty. The state courts' denial of relief on this claim was not contrary to or an unreasonable application of Supreme Court precedent, and Nicholson is not entitled to habeas corpus relief on this claim.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Curtis L. Nicholson Sr. for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___5th___ day of June, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

28